UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JACOB FRANCIS,** | ) | Case No. |
| c/o David B. Malik | ) | |
| Malik Law | ) | **JUDGE** |
| 8437 Mayfield Rd. Suite 101 | ) | |
| Chesterland, OH  44026, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **CITY OF ATHENS** | ) | **Jury Demand Endorsed Hereon** |
| 8 East Washington Street | ) | |
| Athens, Ohio 45701 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ETHAN J. DOERR** | ) | |
| **ROSS ALAN HOLTER** | ) | |
| **AMELIA JENNE** | ) | |
| **DEREK T. JOHNSON** | ) | |
| **ANDREW JACOB SPEAR** | ) | |
| **JOHN DOES #1-2** | ) | |
| c/o Athens Police Department | ) | |
| 11 N College Street | ) | |
| Athens, OH 45701 | ) | |
| | ) | |
| **Individually and in Their Official** | ) | |
| **Capacities as Employees of the City of** | ) | |
| **Athens, Ohio,** | ) | |
| | ) | |
| Defendants. | ) | |

## I.    PRELIMINARY STATEMENT

1. This civil rights case seeks redress for the violation of Plaintiff Jacob Francis's Fourth and Fourteenth Amendment constitutional rights. This case also seeks redress for the state law claims of assault and battery. This case further seeks redress for federal and state law claims of civil conspiracy. The violation of Mr. Francis's state and federal rights

1

occurred on April 27, 2018 in Athens, Ohio. On that day, Defendant Athens police officer Doerr used excessive, gratuitous, and unreasonable force while on duty when he physically assaulted Mr. Francis without justification. There was no legitimate or legal justification for this Defendant Officer to abuse, assault, and injure Mr. Francis. Mr. Francis was unarmed. Mr. Francis did not pose a threat at the time the excessive, gratuitous, and unreasonable force was employed. Mr. Francis brings this civil rights action to secure fair compensation and to encourage Athens officers to refrain from the unnecessary, illegal, gratuitous, unreasonable, and excessive use of force against unarmed and non-threatening citizens in the future.

2. Defendants Holter, Jenne, Johnson, Spear, and/or John Does #1-2, despite being required to do so, had knowledge of the conduct of Defendant Doerr, yet deliberately failed to report and address the illegal gratuitous and unconstitutional use of force employed by Defendants Doerr.

3. Defendant Doerr's illegal and unconstitutional conduct was known, approved and ratified by agents/employees of the Defendant City of Athens and Defendant Holter who then failed to report and conduct a meaningful and adequate investigation into Defendant Doerr's illegal use of force.

## II. JURISDICTION

4. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

5. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

6. Venue is proper in this division.

### III.    THE PARTIES

7. Plaintiff Jacob Francis was a resident of Geauga County, Ohio during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution.

8. Defendant City of Athens is a unit of local government organized under laws of the State of Ohio. Defendant City of Athens is also a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.

9. Defendant Ethan J. Doerr was at all times relevant to this action an employee of the City of Athens, Ohio police department. He was serving as an on-duty police officer on April 27, 2018. Defendant Doerr is sued in his individual and official capacities. Defendant Doerr is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

10. Defendant Ross Alan Holter was at all times relevant to this action an employee of the City of Athens, Ohio police department. He was serving as an on-duty police officer on April 27, 2018. Defendant Holter is sued in his individual and official capacities. Defendant Holter is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

11. Defendant Amelia Jenne was at all times relevant to this action an employee of the City of Athens, Ohio police department. She was serving as an on-duty police officer on April 27, 2018. Defendant Jenne is sued in her individual and official capacities. Defendant Jenne is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

12. Defendant Derek T. Johnson was at all times relevant to this action an employee of the City of Athens, Ohio police department. He was serving as an on-duty police officer on April 27, 2018. Defendant Johnson is sued in his individual and official capacities. Defendant Johnson is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

13. Defendant Andrew Jacob Spear was at all times relevant to this action an employee of the City of Athens, Ohio police department. He was serving as an on-duty police officer on April 27, 2018. Defendant Spear is sued in his individual and official capacities. Defendant Spear is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

14. John Does #1-2 were at all times relevant to this action employees of the City of Athens, Ohio police department. They were serving as on-duty police officers on April 27, 2018. John Does #1-2 are sued in their individual and official capacities. They are persons under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state laws

## IV. FACTS

**A. The April 27, 2018 Incident**

15. On April 27, 2018, Jacob Francis was a student at Ohio University in Athens, Ohio.

16. Jacob Francis and his friends were headed to their dorms to go to sleep for the night.

17. Jacob Francis and his friends were having a loud discussion when Jacob became upset.

18. Upon becoming upset, Jacob threw his phone into the bushes. Realizing this was a mistake and that he needed his phone, Jacob went into the bushes, retrieved his phone, and continued to walk back to his dorm.

19. Even though Jacob had calmed down and was calmly walking back to his dorm, Defendant Doerr aggressively approached Jacob.

20. Defendant Doerr asked Jacob what he was doing and Jacob responded that he was walking home.

21. Without probable cause and justification, Doerr very suddenly and violently grabbed Jacob's arms.

22. At no time did Jacob attempt to strike Defendant Doerr.

23. Now afraid, Jacob began quickly walking back to his dorm.

24. At no time did Defendant Doerr tell Jacob that he was under arrest.

25. Without probable cause and justification, Defendant Doerr deployed his taser and the taser probes hit Jacob.

26. Jacob then mysteriously traveled 15-20 feet away from where he was tased, fell down a flight of stairs, and fell head-first into a brick wall.

27. Defendant Doerr's report, approved by Defendant Holter, states, "The taser probes made contact with the male and the male fell forward. The male's momentum carried him approximately 15-20 feet forward, where he fell down 3 stairs and stuck a wall with his head." (Attached as Exhibit 1)

28. Jacob was unconscious for approximately 60 seconds and had lacerations to his face and hands when Defendants Holter, Jenne, Johnson, and Spear arrived.

29. Athens City EMS (ACEMS) was called to take Jacob to O'Bleness Hospital for his head injuries.

30. At O'Bleness Jacob was found to have a fracture of the left anterior inferior mandible, a fracture to the mandibular ramus, a fracture of the posterior wall of the left maxillary

sinus, a fracture of the left zygomatic arch, multiple facial fractures, and a head laceration.

31. Jacob's case was reviewed with the Ohio health transfer line staff and the trauma APP at Grant Medical Center and it was determined that Jacob was to be transferred to Grant Medical Center.

32. Jacob was transported by ambulance to Grant Medical Center and was admitted to the Emergency Department on April 28, 2018.

33. On April 28, 2018, Trauma services was notified and the attending trauma surgeon saw Jacob and reviewed his injuries.

34. Jacob was then sent to have surgery to have his jaw wired shut and to have his scalp laceration repaired due to his fractures and injuries.

35. After having his jaw wired shut for approximately 30 days, Jacob had to return to Grant Medical Center for another surgery to have mandibulomaxillary screw fixation removal.

36. Jacob Francis experienced serious injuries including but not limited to the loss of unconsciousness, severe pain in his head and jaw, multiple jaw and facial fractures, a scalp laceration, and multiple surgeries to repair his jaw all as a result of the illegal, unreasonable, gratuitous and excessive force used by Defendant Doerr.

37. Defendant Doerr at all times acted without privilege, without probable cause, without the consent of Mr. Francis and harmfully and offensively touched him.

38. As a direct and proximate result of the unprovoked and intentional assault and harmful and offensive touching on Mr. Francis, he suffered the loss of unconsciousness, severe pain in his head and jaw, multiple jaw and facial fractures, a scalp laceration, and multiple surgeries to repair his jaw and may require additional surgeries in the future.

39. None of Defendants' reports filed accurately indicated that the use of force used upon Mr. Francis was excessive.

40. Defendants acted maliciously and in concert to injure Mr. Francis's person and property. The actions of Defendants have resulted in actual damages to Mr. Francis.

41. Mr. Francis lost wages and will lose additional wages in the future, Mr. Francis incurred medical bills and will incur additional medical bills in the future.

42. Defendant Doerr used excessive and unreasonable force while on duty when he physically assaulted and battered Mr. Francis.

43. There was no reason for Defendant Doerr to abuse and assault Mr. Francis. This conduct amounted to an unnecessary, illegal, unreasonable, excessive use of force to effect an arrest that was not supported with probable cause.

44. Defendant Holter approved and corroborated the incomplete and misleading reports even though he knew them to be false.

**B. Harm to Plaintiff**

45. As a direct and proximate result of the conduct of each Defendant, Jacob Francis suffered permanent physical injury, pain, emotional and psychological trauma. Mr. Francis incurred medical bills and will incur additional medical bills in the future.

## V. CLAIMS

### FIRST CAUSE OF ACTION– § 1983-EXCESSIVE FORCE

46. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

47. Defendants Doerr and City of Athens have, under color of law, deprived Jacob Francis of rights, privileges, and immunities secured to him by the United States Constitution including the right to be free from unreasonable seizures and excessive force under the

7

Fourth Amendment as applied to the States through the Fourth and Fourteenth Amendments.

48. Defendant Doerr used excessive force when he unreasonably deployed his taser and then caused Mr. Francis to travel 15-20 feet away from where he was tased after which he further caused Mr. Francis to be thrown down a flight of steps and fall head-first into a brick wall.

## SECOND CAUSE OF ACTION–ASSAULT AND BATTERY

49. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

50. Under Ohio law Defendant Doerr's acts of touching against Jacob Francis constitute battery.

51. Defendant Doerr engaged in an unprivileged, intentional, harmful, offensive touching of Jacob Francis.

52. Defendant Doerr's battery was a direct and proximate cause of Jacob Francis's severe and permanent injuries.

53. As a direct and proximate result of the unprovoked, intentional, harmful, and offensive touching by Defendant Doerr on Mr. Francis, he suffered loss of unconsciousness, severe pain in his head and jaw, multiple jaw and facial fractures, a scalp laceration, and multiple surgeries to repair his jaw and will require additional surgeries in the future.

54. Mr. Francis incurred medical bills and will incur additional medical bills in the future.

## THIRD CAUSE OF ACTION– CLAIM FOR CIVIL CONSPIRACY UNDER 42 U.S.C. § 1983

55. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

56. Defendants, through concerted action, by plan, and with a conspiratorial objective have deprived and continue to deprive Plaintiff of his constitutional rights. Overt acts by Defendants include reports filed which did not and do not memorialize with adequate accuracy the excessive use of force upon Mr. Francis. Each acted in concert to remain silent regarding the level and degree of force. Observing officers acted in concert when they failed to stop the excessive use of force.

### FOURTH CAUSE OF ACTION– CLAIM FOR CIVIL CONSPIRACY UNDER OHIO LAW

57. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

58. Defendant Officers who used force and/or know who used force on Mr. Francis are engaged in a conspiracy under Ohio Law. They have acted maliciously and in concert to injure Mr. Francis. Each officer acted in concert by failing to accurately report as police officers the use of force, despite a duty to do so. Each Defendant officer acted in concert by remaining silent regarding the level and degree of force. Observing Defendant officers acted in concert by failing to stop the excessive use of force. The actions of Defendants have resulted in actual damages to Mr. Francis by frustrating and delaying this legal action.

### FIFTH CAUSE OF ACTION– MONELL CLAIM AGAINST THE CITY OF ATHENS

59. Defendant City of Athens's policies, practices, customs, and usages regarding subject control, use of force and the documentation of uses of force were and are a moving force behind the excessive force used on Mr. Francis by Defendant Doerr.

60. Defendant City of Athens customarily allows officer to engage in the use of excessive force without being held accountable or disciplined for their misconduct.

61. Defendant City of Athens failed to institute adequate municipal policies, procedures, customs, usages, practices and protocols regarding use of force discipline.

62. Defendant City of Athens failed to institute and train Supervisors and officers to hold each other accountable when excessive force is utilized in the field.

63. Defendant City of Athens failed to institute adequate municipal policies, procedures, customs usages, practices and protocols regarding the use of force on non-violent citizens.

64. Defendant City of Athens further failed to institute adequate policies, procedures, customs, usages, practices and protocols for officers regarding the accuracy of individual officer reports when the use of force is used by officers or observed by officers.

65. Defendant City of Athens failed to adequately train officers how to write complete, accurate and truthful reports.

66. Defendant City of Athens has not disciplined any of the individual Defendants for the misconduct by officers described in this Complaint despite a duty to do so.

67. An investigation into the events involving the Jacob Francis, if any, was so incomplete and inadequate as to constitute a ratification by the City of Athens of Defendants' conduct.

68. The training and supervision provided by Defendant City of Athens to the Defendant Officers identified herein was deliberately indifferent to the safety of the citizens, including citizens such as Mr. Francis.

69. The conduct of the City of Athens identified above constitutes a pattern and practice and again amounts to a moving force behind the constitutional violations and injuries inflicted upon Jacob Francis.

70. This way of doing things is so permanent and well settled in the Athens Police Department that is constitutes a custom. There have been repeated complaints and notice to Defendant City of Athens of constitutional violations by Athens Police Officers.

## VI. JURY DEMAND

**71.** Plaintiff hereby demands a trial by jury of all issues triable by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Plaintiff punitive damages in an amount to be shown at trial;

C. Award Plaintiff reasonable attorney's fees, costs and disbursements;

D. Pre and post judgment interest;

E. Grant Plaintiff such additional relief as the Court deems just and proper.

/s/ Sara Gedeon
David B. Malik (0023763)
Sara Gedeon (0085759)
Malik Law
8437 Mayfield Road Suite 101
Chesterland, Ohio 44026
(440) 729-8260
(440) 490-1177
dbm50@sbcglobal.net
sgedeon1021@gmail.com